IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Richard P. Matsch

Civil Action No. 11-cv-02584-RPM

KEVIN STRINGER
RYAN O'NEILL;
JOAQUIN MARTINEZ;
CHRISTOPHER ANDERSON; and
WILLIAM LEGER, III, individually and on behalf of all others similarly situated,

    Plaintiffs,
v.

THE UNITED STATES OF AMERICA,

    Defendant.

---

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AS TO PLAINTIFF RYAN O'NEILL
AND ORDER FOR REMAND

---

On September 12, 2011, Ryan O'Neill submitted an application for benefits under the Servicemembers' Group Life Insurance Traumatic Injury Protection Program ("TSGLI"). He was informed of the denial by a letter dated September 28, 2011, from the Office of Servicemember Group Life Insurance (OSGLI), saying:

> Because medical documentation does not support your inability to perform two or more ADLs for at least 30 consecutive days, your branch of service could not approve your claim.

(Def.'s Ex. 1 at 000001- 3).

That letter advised O'Neill of his right to appeal to the U.S. Army Human Resources Command within one year of denial which appeal should contain "The reason why you disagree

with our determination." (*Id.* at 000002). Rather than filing that appeal, O'Neill joined with other plaintiffs in filing this civil action for judicial review under 38 U.S.C. § 1975. That statute provides

> The district courts of the United States shall have original jurisdiction of any civil action or claim against the United States founded upon this subchapter [38 USC § 1965 et seq.].

Paragraph 4 of the complaint alleges:

> This class action is brought on behalf of all service members of the Army who submitted claims for disability benefits under the Activities of Daily Living provision of the Servicemembers' Group Life Insurance Traumatic Injury Protection Program and received an adverse decision stating that a member's loss did not meet the requirements for a loss under TSGLI.

Paragraphs 22 and 23 allege:

> Furthermore, the Army is uniformly violating its own guidelines for denying claims by failing to provide Loss Codes that adequately advise the applicant of the reason for a denial. Instead, the denial letter simply states in each case that "the documentation provided did not indicate that you meet the TSGLI standards for loss of Activities of Daily Living (ADL)." These denial letters are clearly "boilerplate" letters that provide no substantive information to the applicant, only miming Reason 3 of the 17 Loss Codes, and does not address the medical professional's certification of qualification under the ADL criteria. (Example of Denial letter - Exhibit C). In addition, the Defendant is obligated to notify unsuccessful applicants of their right to file suit, but fails to do so, leaving the class members with no understanding that they have legal recourse.
>
> Despite its legal and contractual obligations, the Army has standardized the practice of denying ADL claims in a manner that is arbitrary, unsupported by its own guidelines, and contrary to law.

In 2005 Congress enacted an addition to the Servicemembers' Group Life Insurance (SGLI) program to provide benefits for losses caused by a "traumatic injury."

Administration of SGLI and TSGLI benefits is within the responsibilities of the Department of Veterans Affairs (VA).[1]  The authorizing legislation is codified at 38 U.S.C. § 1980A and the VA's regulations are at 38 C.F.R. § 9.20.  The statute provides for payment of defined benefits for "qualifying losses" including the inability to carry out specified activities of daily living (ADLs) resulting from traumatic injury to the brain.  38 U.S.C. § 1980A(b)(1)(H).  The VA's regulation expands the coverage to include other traumatic injuries and establishes schedules of payments for specific injuries with additional payments for the inability to perform at least two ADLs for consecutive days which differ depending upon whether the injury involves the brain.  The maximum payment for losses resulting from a single traumatic event is $100,000.  The procedure for obtaining these benefits is prescribed in detail in the TSGLI Procedures Guide issued by the VA.  (Pl.'s Ex. 1).

A member must submit an application for TSGLI benefits to the member's branch of service.  The application form has two parts.  Part A consists of the member's claim information and authorization to release medical information.  Part B is a statement from a medical professional on a fill-in-the-blanks format.

The TSGLI office of the member's branch of service is responsible for determining whether the member is covered by the TSGLI program and whether he or she sustained a qualifying loss.  After its determination, the service branch notifies OSGLI which then either pays the claim or notifies the claimant of the denial.

---

[1]The Department of Defense and a private insurer, the Office of Servicemembers' Group Life Insurance, a subsidiary of Prudential Insurance Company of America, are also participants in administering the program.

O'Neill submitted his claim to the U.S. Army TSGLI office claiming that because of an injury from an automobile collision on August 9, 2010, he was unable to bathe, dress or toilet without assistance from August 9, 2010 to at least September 12, 2011. (Def.'s Ex. 1 at 000007-11). O'Neill submitted 220 pages of supporting documentation. In Part B of O'Neill's application, his treating physician, Dr. Alann German, D.C., described the injury as "severe pain, restricted range of motion, "rhizunomy." (*Id.* at 000015).[2] The doctor wrote that his patient was unable to bathe, dress and toilet independently because he was "unable to flex lower back – dress lower extremity." (*Id.* at 000015-16). In the space for comments, Dr. German wrote as follows:

> The injuries sustained included herniated and bulging discs in the neck and lower back with significant muscle and ligament damage. Thus rendering him unable to perform daily activities.

(*Id.* at 000017).

The TSGLI Procedures Guide requires that after initial review for completeness by an intake staff member the claim is reviewed by an analyst who makes a recommendation which is then reviewed by a senior analyst and, finally, by a certifying officer who compares the claimed losses with the submitted documentation and makes the final decision for the Army, approving or disapproving the claim. If the claim is disapproved the decision is annotated on a certification worksheet by the certifying officer. That worksheet provides for the use of Loss Description Codes consisting of 16 reasons for denial. In this case, Captain James F. Addis, the certifying officer, gave number 3 as the reason. It states as follows:

> medical professional's statement did not indicate the member's loss met the minimum TSGLI standard.

---

[2]Presumably this is a misspelling of "rhizotomy," an interruption of the roots of nerves within the spinal canal. Dorland's Medical Dictionary.

-4-

(Def.'s Ex. 1 at 000006).

That statement is false if Part B of O'Neill's application is taken at face value – that is, if Dr. German's assessment of his patient's condition is a correct medical opinion.

The judicial review under 38 U.S.C. § 1975 is assumed to be analogous to an action pursuant to the Administrative Procedures Act (APA), 5 U.S.C. § 706(2).  Based on the filed administrative record, the government filed a motion for summary judgment asserting that the documents admitted with O'Neill's application provide substantial evidence that he did not meet the standard for the claimed losses.  That assertion may be correct but the APA requires that an agency decision shall be set aside if it is found to be arbitrary, capricious or an abuse of discretion.

In addition to marking the disposition code 3, Captain Addis printed under Comments:

> MM – 09/21/11 – Documentation indicates SM does not meet standards for claimed losses.

(Def.'s Ex. 1 at 000006).  The date accompanying the signature is September 23, 2011.  That comment is apparently the basis for the language of the denial letter.  Notably, Captain Addis did not make Loss Disposition Code 14 which reads:

> 14    insufficient information to support the medical professional's statement.

(*See id.*).

It is unreasonable to assume that there was the same detailed review of the applicant's documentation that government counsel has made in support of this summary judgment motion during the 10 business days that this application was in the claims office at Fort Knox.  Neither the statute nor the regulations require that the Army make specific findings of fact or give a full explanation of its decision.  The lack of any explanation gives this court no basis for reviewing

the decision.  In a similar situation, the Court of Appeals for the District of Columbia ruled that a decision of the Army Board of Correction of Military Records was arbitrary and capricious because that standard under the APA mandates that the agency adequately explain its result. *Dickson v. Secretary of Defense*, 68 F.3d 1396 (D.C. Cir. 1995).

In this case O'Neill was given no chance to respond to the denial decision by challenging whatever deficiencies were claimed to be in his submission.  An administrative appeal would have been futile as would any effort to supplement the records as, by example, giving Dr. German an opportunity to explain his statements in Part B.

The defendant's motion for summary judgment is denied.  It is not necessary that the plaintiff file such a motion because after judicial review it is this Court's finding and conclusion that the denial of his application was arbitrary and capricious and, therefore must be set aside.

It would be a just result for this Court to now order that the benefits be paid. Unfortunately the APA does not provide jurisdiction for that remedy.  The basis for this ruling is the failure of the Army to provide a reasoned explanation for its decision.  This court cannot make its own factual determination of O'Neill's claim of inability to perform two or more ADLs for at least 30 consecutive days.

Upon the foregoing, it is

ORDERED, that the decision denying Ryan O'Neill's application for benefits under TSGLI is vacated and this matter is remanded to the United States Army for further consideration which shall include an opportunity for the claimant to respond to any asserted deficiencies in the documentation previously provided by submitting any additional relevant materials

Dated: December 13, 2013

        BY THE COURT:

        s/Richard P. Matsch

        _____
        Richard P. Matsch, Senior District Judge