IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02584-RPM

KEVIN STRINGER;
RYAN O'NEILL;
JOAQUIN MARTINEZ;
CHRISTOPHER ANDERSON; and
WILLIAM LEGER, III, individually and on behalf of all others similarly situated,

      Plaintiffs,
v.

THE UNITED STATES OF AMERICA,

      Defendant.
_____

ORDER AWARDING ATTORNEY'S FEES
_____

This civil action began with a complaint filed on October 3, 2011, by five former members of the United States Army seeking payment of disability benefits on claims made under the terms of the Servicemembers' Group Life Insurance Traumatic Injury Protection Program ("TGSLI"). The complaint styled the action as a breach of contract alleging jurisdiction under 38 U.S.C. § 1975, providing that:

> The district courts of the United States shall have original jurisdiction of any civil action or claim against the United States found upon this subchapter. [Servicemembers' Group Life Insurance].

The complaint alleged a class action as follows:

> This class action is brought on behalf of all service members of the Army who submitted claims for disability benefits under the Activities of Daily Living provision of the Servicemembers' Group Life Insurance Traumatic Injury Protection Program and received an adverse decision stating that a member's loss did not meet the requirements for a loss under TSGLI.

The essence of the class action complaint [Doc. 1] is that the Army uniformly violates its own guidelines as follows:

> Furthermore, the Army is uniformly violating its own guidelines for denying claims by failing to provide Loss Codes that adequately advise the applicant of the reason for a denial. Instead, the denial letter simply states in each case that "the documentation provided did not indicate that you meet the TSGLI standards for loss of Activities of Daily Living (ADL).
>
> *Id.*

A motion for class certification was heard in February, 2013. To determine whether the requirements of Fed. R. Civ. P. 23 could be met, this Court directed the parties to proceed with a test case with the submission of the administrative record and summary judgment briefing. The parties selected the claim file of Ryan O'Neill as that test case.

After review of the administrative record of O'Neill's claim and the legal briefing, this Court concluded that the denial decision was arbitrary because the Army provided no explanation for its rejection of the treating physician's statements in Part B of the application, contrary to the requirements of the TSGLI Procedures Guide issued by the Department of Veterans Affairs and the Administrative Procedures Act which sets the standard for judicial review under § 1975.

Whether the decision was supported by substantial evidence as argued by the defendant's brief in support of its motion for summary judgment was not considered because it could not be assumed that the reviewing officer had actually considered the applicant's medical records. The only remedy available was to vacate the denial decision and remand the application to the Army, which was done by a judgment entered on December 13, 2013. [Doc. 89]. On the same day an order entered denying the motion for class certification. [Doc. 87].

On January 13, 2014, Ryan O'Neill filed a motion for attorney's fees and

expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 [Doc. 92].

In the order denying class certification the Court ordered the parties to submit an agreed schedule for judicial review of the claims of the four other plaintiffs in this action and of the claims of all of the plaintiffs in the other civil actions before this court that had been stayed awaiting a decision on O'Neill's claim.[1]

In the Joint Filing Re Scheduling, filed on January 21, 2014, [Doc. 93], the defendant proposed a voluntary remand of all of those claims for reconsideration in light of the guidance provided by the O'Neill ruling. All of the plaintiffs, excepting Kevin Stringer and Raul Garcia-Perez, asked to proceed with review of the administrative record.

On January 22, 2014, an Order for Remand was ordered of the claims of the other plaintiffs in this action and remand orders were also entered in the other cases that were coordinated with this case. Accordingly, the merits of the disability claims that are the subjects of this and the coordinated cases have never been determined in these civil actions.

Motions for attorney's fees have now been filed by all of the plaintiffs in this and in the coordinated cases. On April 23, 2014, the government responded by its Defendant's Consolidated Opposition to Plaintiffs' Applications for Attorney's Fees, Costs and Expenses. [Doc. 100]. The plaintiffs have filed replies.

---

[1] *Diaz v. United States*, No. 12-cv-01069-RPM; *Duran v. United States*, No. 11-cv-02819-RPM; *Garcia-Perez v. United States*, No. 12-cv-00876-RPM; *Jones v. United States*, No. 11-cv-02817-RPM; and *Ostwald v. United States*, No. 12-cv-01724-RPM. These five cases are referred to as the "coordinated actions."

The Equal Access to Justice Act, codified at 28 U.S.C. § 2412(d)(1)(A) requires the award of fees and other expenses incurred by a prevailing party in any civil action, including judicial review of agency action, brought against the United States unless the position of the United States was substantially justified or that special circumstances make an award unjust.

The government concedes that Ryan O'Neill is a prevailing party but contends that the Army's position on his TSGLI claim was substantially justified and the defense of that position in this court had a reasonable basis in fact and law.  That might have been correct if the question addressed was whether there was adequate evidence to support the Army's finding that O'Neill did not meet the eligibility standard for TSGLI.  The issue on which O'Neill prevailed was the failure of the Army to explain the reasons for the denial of the claim.  Without such an explanation there was no basis for this Court to review the decision, which then must be characterized as arbitrary as alleged in the complaint.  While the complaint sought a judgment awarding the claimed benefits under the statutory formula, that relief could not be granted by this Court.  Remand was the only available remedy.

When the defendant moved for a voluntary remand of the claims of the other plaintiffs in this civil action and the coordinated cases, this Court granted the same relief to them, making them prevailing parties as well.  The government's acceptance of remand for reconsideration by the Army is commendable as an efficient procedure avoiding the time and expense of proceeding with consideration of the administrative records of each claimant.  It does not, however, avoid a ruling that all of these plaintiffs have prevailed because they obtained the same relief as O'Neill.

The amount of attorney's fees to be awarded to these prevailing parties must be reasonable. The attorneys have submitted affidavits and time sheets as required. The defendant has submitted its detailed analysis and objections as to the times and activities recorded and the requests for enhanced hourly rates. The statutory rate as adjusted for cost of living is $186.55. The plaintiffs argue that the rate should be enhanced because TSGLI litigation should be considered a "practice specialty."

There is no doubt that study and research was necessary to provide this Court with an understanding of the special requirements of the legal framework for TSGLI benefits. That would justify support for claiming compensable time under the "lodestar" method of determining legal fees. That method has been required in this circuit for all fee-shifting statutes.

There are special circumstances presented in these cases that make a lodestar analysis impracticable. There are nine applications for 17 plaintiffs in the six coordinated cases, seeking a total of $477,671 for attorney's fees. The attorneys filing their records were initially associated with the law office of William Muhr. Some left that practice and continued representation of certain plaintiffs. There are many duplications in attorneys' records and the contributions made by each of the lawyers who have been active in these cases are not determinable from these records.

The award of attorney's fees under EAJA is to the prevailing parties–not their attorneys. The Court's responsibility is to determine a reasonable fee for the plaintiffs without determining how the award may be divided among the attorneys providing legal services to each plaintiff.

The O'Neill claim as the test case went through the full adjudication process leading to summary judgment. The defendant suggests that the fee for that plaintiff should be no more than $22,367.14 under a lodestar analysis. For the reasons previously stated, the Court has concluded that these cases are not amenable to that approach to determine the reasonableness of the fees to be awarded.

The fees should be proportionate to the results achieved as compared to the relief sought. This Court had no jurisdiction to grant the benefits claimed under the Schedule of Losses. Under this schedule, those amounts are $25,000 to $100,000. The amounts to be awarded as fees to each of the plaintiffs other than Ryan O'Neill are set at $5,000 and that for O'Neill is $25,000.

With Plaintiff O'Neill's application, Mr. Muhr provided a declaration regarding attorney's fees which includes $5,000 as his estimate of the total amount expended on filing fees, air fare, hotel expenses, rental car expenses, court reporter fees, deposition transcript fees, mileage expenses, Lexis Nexus legal research charges, copying charges and an expert report. No documentation or itemization of those costs and expenses was provided. Mr. Muhr's declaration is not sufficient to support an award of costs.

The Stringer application includes a request for costs in the amount of $26.41 and

supporting documentation.  The $5,000 award to Plaintiff Stringer is sufficient to compensate him for both his fees and that small amount of costs.

SO ORDERED.

DATED:   July 17th, 2014

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge